## SUPREME COURT.

### JAY BALL agt. HOSEA SPRAGUE, WM. KINGSBURY, LEMUEL D. NEWTON, JACOB B. ALVORD, and others.

The court, on a motion, will not incline to grant as a *favor* what is not shown to be for the advantage of the party asking it, and when it is to be inferred that the motion is made for some concealed purpose.

This principle applied to this case, where the defendant asked, on a re-adjustment of costs on appeal, to add the facts, in a new affidavit, in regard to which his original affidavit was held insufficient, and giving no reason why such facts were omitted; and where the costs of opposing the motion would be more than the amount of costs claimed as erroneously deducted.

*Chemung Special Term, April,* 1862.

MOTION for an order modifying a former order of the court.

O. PORTER *for the motion.*
J. T. DAVIDSON, *opposed.*

PARKER, Justice. I think the maxim " *interest republicæ ut sit finis litum*" applicable to this motion. There have been two appeals from the clerk's adjustment of the costs in this action; one by the defendants, and one by the plaintiff. The costs have been re-adjusted in conformity with the decisions made upon those motions. The defendants now ask to have the order made upon the last motion so modified that they may come in with additional affidavits.

It is to be noticed, in the first place, that the order was made upon an appeal, and of course on the papers which were before the clerk. The affidavits in regard to the fees of certain witnesses, charged in the bill of costs, were held insufficient, and those fees ordered to be deducted by the clerk on the re-adjustment. After they have been so held, it is now asked that the defendants may add the facts in regard to which the affidavits were held deficient. No reason is shown why they were before omitted.

To allow the defendants now to come in with new affidavits, would be a violation of the principle of the maxim

above cited.   It is inadmissible on the same ground that a new trial will not be granted, though there be material evidence for the party against whom the verdict has passed, which has not been adduced, unless it be shown to have been discovered after the trial, or unless the verdict has been obtained by fraud or surprise.   The language of Judge SPENCER, in *Beebe* agt. *Bank of New York*, (1 *John.*, 555,) shows the reason of the rule, and is applicable to cases of this kind.   He says : " If mistake in practice or inadvertence in attention, furnished reasons for a new trial, it would encourage litigation, and reward ignorance and carelessness at the expense of the other party."

Again : this application is not made on the ground of strict right of the defendants to the relief asked, but is addressed rather to the conscience of the court, its sense of right and equity ; and the relief, if granted, must be granted as a favor to the defendants.   The costs stricken out of the bill, under the order now sought to be modified, amounts only to the sum of $6.78.   If the favor which the defendants ask could be granted, it could only be under the well settled rule in such cases, on payment of plaintiff's costs of opposing this motion.   The court is not inclined to favor the making of such motions, when it is evident that some object other than the ostensible one is sought by them.   It cannot be that the defendants have come here, merely to avoid the payment of the $6.78 ; but they must have come for some purpose, or with some motive not shown to the court.   If the defendants were seeking a strict right, this would be of no consequence. But when the favor of the court is appealed to, this should be regarded, and the court will not incline to grant as a favor what is not shown to be for the advantage of the party asking it, and when it is to be inferred that the motion is made for some concealed purpose.

I do not see any ground on which the motion ought to be granted.   It is therefore denied, with $10 costs of opposing.